SAMUEL DALE, *et al.*, v. NANCY SHIVELY.

1. COVENANT OF SEISIN; *Breach; Action.* The covenant of seisin is broken as soon as the deed is executed, if the title be bad, and an action lies thereon at once, without waiting for a disturbance of the possession.

2. DAMAGES *on Breach of Covenant of Seisin.* The measure of damages upon breach of the covenant of seisin is, as a general rule, the consideration money and interest. But where the vendee buys in the paramount title, his recovery is limited to the amount he pays therefor and interest.

3. ———— *Necessary Expenses.* The amount paid for the paramount title includes both the sum which passes to the holder thereof, and the reasonable, necessary and actual expenses of obtaining the same.

4. ———— *Costs and Attorneys' Fees.* In some cases the vendee may also recover the costs and attorneys' fees paid by him in prosecuting or defending a suit in reference to the land conveyed, but only where actual possession not having been given, the vendee brings suit to recover it; or having been given, he defends against the suit of the true owner.

5. ———— *Gross sum—Distinct items.* Proof that a gross amount was paid for two items, for one of which the party may recover, and not for the other, does not warrant a finding in his favor for any sum, in the absence of any testimony from which an apportionment may be educed.

## *Error from Miami District Court.*

ACTION brought by defendant in error against *Samuel Dale* and *Mary Dale*, to recover damages for an alleged breach of a covenant of seisin in a deed of conveyance executed by the *Dales.* The case was tried at the December Term, 1870, before R. B. M., judge *pro tem.* The facts and the controverted questions are fully set forth in the opinion. The plaintiff, *Shively*, had judgment for $1,020.50, and the *Dales* bring the case here on error.

*W. R. Wagstaff*, and *R. W. Massey*, for plaintiffs in error:

1. There was no breach of the covenant of seisin. The Dales had peaceable and undisputed possession, and they delivered such possession to Nancy Shively. That possession has not been disturbed by any one. It is admitted that Shively took a good and perfect title to the undivided one-third part of the premises by the deed from the Dales; and the proof shows she purchased the other two-thirds from the legal owners for the sum of thirty dollars.

Seisin implies possession. In legal parlance there is no difference between the word "seisin" and possession, if the possession be with an intent on the part of him who holds it to claim a freehold interest. 1 Wash., p. 35, § 75. Seisin once admitted, continues until the contrary is shown. 1 Wash., § 77; 6 Metc., 173.

To entitle Nancy Shively to maintain her action against the Dales on the covenants of seisin in the deed there must be *disseisin*, either in law or in fact; and to constitute a disseisin of a co-tenant in law there must be an actual ouster. 1 Wash., p. 418, § 7. The conclusion seems warranted that no action can be maintained on the alleged breach of the covenants of seisin.

And again: The covenant of seisin, the covenant sued on, is a real covenant, running with the land, and is not broken except by actual eviction, or what is tantamount to an eviction. There was no eviction or any disturbance of Nancy Shively's title, possession, or right of possession whatever. 3 Ohio, 211; 10 id., 317; 17 id., 52.

2. But if an action does lie for a breach of the covenant, what should be the measure of damages? The answer is to be found in Rawle on Covenants for Title, p. 17: "So where the grantee, instead of abandoning his purchase, has elected to buy in the paramount title, his damages are within the limits of the original consideration between his covenantor and himself, measured by *the amount* of the consideration which passed from him to the holder of such paramount title." To the same point see 22 Me., 562; 10 Wend., 142; 10 Ohio, 334; 32 Penn. St., 19. See also 19 Mo., 490.

In the case at bar the persons who held the outstanding title were Indians, and Shively paid them $30, and no more. The incidental expenses incurred in procuring should not be considered; there is no testimony showing that the amount so incurred was necessary and reasonable. The court allowed such expenses, and it was error: 8 Pick., 457; 10 id., 204; 7 Cush., 166; 25 Georgia, 566.

There was error also in allowing the costs and expenses of the Gossett suit. The expenses of that suit were incurred without the knowledge, consent, negligence or omission of Dale. The costs incurred in defending the Gossett suit, including attorneys' fees, grew out of Shively's own negligence; yet they are included in the damages assessed against

the Dales in the suit at bar; and for this error the judgment should be reversed.

*B. F. Simpson*, for defendant in error:

1. Seisin means more than possession; it is synonymous with *right*, and is now universally regarded as a covenant for title, and actual possession alone is not sufficient to support this covenant. Rawle on Cov. for Title, 3d Am. Ed., 48; 2 Johns., 1; 17 id., 161; 1 Peters, 57; 4 Cranch, 430; 2 J. J. Marsh., 430; 5 Blackf., 232; 22 Vt., 106; 6 Conn., 385; 23 id., 349; 15 N. H., 186; 4 Kent's Com., 472; 5 Iowa, 287.

It is not necessary to allege an ouster or eviction; it is sufficient to negative the words of the covenant, and to allege that the grantor had no " seisin " or title to the land. 9 Wend., 416; 2 Mass., 455.

Eviction is not necessary to establish a breach of this covenant. That which shows covenants of seisin and right to convey to be broken, is not eviction, but their falsity. If the covenants are true, they remain inviolate; if they are not true, they are broken the moment they are made. If they are entirely false, they are wholly violated; and if partially untrue, they are broken in part only. 6 Conn., 385; Rawle on Cov., 336.

The vendee can extinguish the paramount title by purchase. 2 Ala., 161; Rawle on Cov., 668; 8 Blackf., 368; 11 N. H., 74.

2. As to the measure of damages. The consideration money, with interest, is the extent to which the damages can, under any circumstances, be recovered upon this covenant, upon a total breach; but where there is a partial breach, the grantee may recover *pro tanto*. In this case, title failed to a two-thirds' interest, and two-thirds of the consideration money, with interest, is what the defendant in error ought to have recovered in the court below, which sum would largely exceed the amount of the judgment rendered, and hence the plaintiffs in error have no right to complain.

The measure of damages adopted by the court below, was to allow the defendant in error the amount paid by her to extin-

guish the paramount title, and her reasonable costs, expenses and attorneys' fees in maintaining the title; and this measure of damages is established and declared by the following authorities: Rawle on Cov., 98 to 104; 22 Me., 562; 10 Wend., 142; 10 Ohio, 334; 32 Penn. St., 16; 13 N. H., 125; 20 Vt., 658; 23 Texas, 614; 5 Iowa, 287; 11 Ohio St., 120.

There was no error in allowing the expenses of the Gossett suit. They were necessarily incurred to settle the question of title.

The opinion of the court was delivered by

BREWER, J.: Nancy Shively recovered a judgment against Samuel Dale and Mary Dale for the sum of $1,020.50 for breach of covenants in a deed of real estate from them to her. They now seek to reverse that judgment. Two questions are presented: 1st, Were the covenants in the deed broken? and 2d, If broken, what was the measure of damages?

I. The deed is attached to and made a part of the petition, and its execution admitted in the answer. The covenants in it are, "that they (grantors) are lawfully seized of the premises

1. Covenant of seisin; when broken.

aforesaid, and the same are free and clear of all incumbrances whatsoever, and they will forever warrant and defend the same, with the appurtenances, unto the said party of the second part, her heirs and assigns, against the lawful claims of all persons whomsoever." The deed purported to convey the entire interest in the land. The grantors were in actual possession, and surrendered the same to the grantee. She was never actually disturbed in that possession. Upon the trial it was admitted that the Dales had only an undivided one-third interest in the premises. The remaining two-thirds were purchased by defendant in error after she obtained the deed from plaintiffs in error, and before bringing this suit. Upon these facts the court below held that the covenants were broken. and that the grantee had a right of action thereon. In this we see no error. Notwithstanding some deviations in Ohio, Massachusetts, and New Hampshire, we think it well settled upon authority that the covenant of seisin

is broken as soon as made, if the title be bad, and that an action lies thereon at once without waiting for a disturbance. KENT says, (4 Kent, 471,) "The covenants of seisin, and of a right to convey, and that the land is free from incumbrances, are personal covenants, not running with the land, or passing to the assignee; for, if not true, there is a breach of them as soon as the deed is executed, and they become choses in action which are not technically assignable." It is said in Shep. Touch., 170, "If one supposing he hath a good estate doth covenant that he is lawfully seized, or possessed, or that he hath a good estate, or that he is able to make such an alienation, etc., and in truth he hath not, but some other hath an estate in it before, in this case the covenant is broken as soon as it is made." See also 2 Bacon's Abr., 574; 5 Vermont, 20; 6 Conn., 385; 10 Ohio, 320, 323, note; Sedgw. on Damages, 175; 19 Mo., 483.

II. What was the measure of damages? The general rule undoubtedly is, that upon breach of a covenant of seisin the vendee will recover the consideration paid therefor and interest. But this rule is not without its exceptions. And one is, that where the vendee buys in the paramount title, the measure of damages is the amount paid therefor and interest, providing the same does not exceed the consideration money and interest. In 19 Mo., 483, the court say: "The weight of American authority has determined that the covenant for seisin is broken, if broken at all, so soon as it is made, and thereby an immediate right of action accrues to him who has received it. But in such case, the grantee is not entitled, as a matter of course, to recover back the consideration money. The damages to be recovered are measured by the actual loss at that time sustained. If the purchaser has bought in the adverse right, the measure of his damages is the amount paid. If he has been actually deprived of the whole subject of his bargain, or of a part of it, they are measured by the whole consideration money in the one case, and a corresponding part of it in the other." See also

*2. Damages for breach of covenant of seisin.*

18—8TH KAS.

Sedgw. on Damages, 176; 22 Maine, 505; Rawle on Covenants for Title, 71; 20 Maine, 260.

Under the term, "the amount paid for the paramount title," must, we think, be included not merely the sum which passes into the pockets of the holder of that title, but the expenses **3. Necessary expenses recoverable as damages.** necessarily incurred in obtaining it, such as the cost of the deed or deeds, the acknowledgments, the stamps, the amount paid to ascertain the whereabouts of the holder of such title and to secure his conveyance. In this case the holders of the paramount title were Indians, living in the Indian Territory. They had to be hunted up, conveyances obtained, and the approval of the Secretary of the Interior received. All this necessitated some expense, and for this expense, together with the amounts paid the Indians, we think the grantors were liable under their covenant, provided the sum-total did not exceed the consideration actually paid for that portion of the interest in the land they had no title to, and which was acquired from these Indians. The rule in regard to such expenses is this: they may be recovered of the grantor, provided they were reasonable, and necessarily and actually paid.

Perhaps there would be little controversy as to the propriety of taking all these items into account in determining the amount of damages. But the court who tried this cause admitted the record of proceedings in a suit brought by J. W. Gossett against defendant in error, and testimony as to the costs and counsel fees paid by defendant in error in that case, and included in his finding of damages all or nearly all such costs and counsel fees. There are cases where costs of counsel fees in defending and prosecuting an action concerning the land conveyed may be recovered by the grantee upon breach of the covenant of seisin. Was this one? To determine this we must see what that suit was and how it arose: After obtaining the deed from the Dales, Nancy Shively exchanged this tract of land for another belonging to J. W. Gossett. Conveyances of the different tracts exchanged were executed and recorded. After this exchange had been consummated it was

discovered that there was a misdescription in the deed from Shively to Gossett and a partial failure of title. Gossett brought suit, alleging these facts, and that after the discovery of them the parties thereto had agreed to re-exchange upon some additional terms, but finally refused, and asking a decree for a reconveyance to him of the lands he had conveyed. During the pendency of said suit the owners of the two-thirds interest in the Dale tract, not owned by Dale, were hunted up and deeds obtained from them of their interests. These facts were set up in a supplemental answer, but nevertheless the court rendered its decree in favor of J. W. Gossett for a reconveyance, he having quit-claimed back the land he had received.

. Was this record properly received in evidence, and the costs and counsel fees paid in it properly included in the damages against the Dales? We think not. The limit to which courts **4. When costs and attorneys' fees are recoverable as damages.** have gone in holding the grantor, after breach of his covenant of seisin, responsible for costs and counsel fees paid by the grantee, is this: He may be charged with the costs and counsel fees paid by the grantee in defending the title conveyed against a suit by the true owner, or in prosecuting a suit to obtain the possession which had been covenanted but never actually given. Beyond this we think the authorities have not gone, nor ought they to go. Damages beyond this are too remote to be included. They could not have been contemplated by the parties at the time of making the covenant. The grantor could foresee that if he did not deliver possession to the grantee the latter might be compelled to bring suit to determine his right to possession, and that if he did deliver possession a claimant would inevitably bring suit to settle his rights. For these manifest contingencies he should be held to have provided by his covenant of seisin. But he could not foresee all the possible sales and exchanges which his grantee might make, nor be held to have covenanted to save him harmless in suits growing out of such sales and exchanges. In this case the true owners conveyed without bringing suit. Possession was delivered to the grantee, and no action was necessary or brought to obtain it.

The suit grew out of an exchange made by the grantee, and was perhaps owing to a misdescription in her deed, as much as to a defect in the title. Nor can the defect in the title be considered as the proximate cause of said suit, or the expenses connected therewith. Something intervened which more immediately and directly caused such litigation. We think therefore that this record was improperly received in evidence, and that the court erred in including as part of the damages the costs and expenses of defending such suit.

The testimony showed that about one thousand dollars was paid for costs, expenses, and attorneys' fees in defending the Gossett suit and in receiving the conveyances from the Indians, but what amount was paid for each was not shown, nor what either was reasonably worth. Under such testimony the whole amount ought to be rejected. The burden of proof is on the grantee to show what damages he has sustained. Proof that a gross amount was paid for two items, one of which is the basis of a legal claim and the other not, without some testimony to show what was actually applied to or what was reasonable for either, is not sufficient to sustain a finding for anything. The party holding the burden of proof must show what was paid for that which gives him a legal claim; or, if no actual apportionment was made at the time of payment, what would be a reasonable proportion of the whole amount for that item.

*5. Damages; gross amount; distinct items.*

The judgment of the court below must be reversed and a new trial awarded.

All the Justices concurring.