Doom v. Curran.

---

EVERTON DOOM *et al.* v. ANDREW CURRAN.

1. VENDOR AND BUYER—*No Title—Damages.*  Where parties by mistake convey land to which they have no title, the measure of damages ordinarily is the consideration paid and interest thereon.  The expenses of the vendee for railway fare and hotel bills while attempting to make a settlement with the vendors cannot be properly included in the damages allowed against the vendors.

2. ———— *Evidence—Recovery.*  The evidence examined, and *held* to be sufficient to sustain a right of recovery in the vendee.

*Error from Norton District Court.*

ACTION by *Curran* against *Doom* and others.    September 14, 1889, the plaintiffs had judgment.    Defendants *Doom* and *Bertram* bring the case here.    The opinion states the facts.

*John R. Hamilton,* for plaintiffs in error.

*L. H. Thompson, C. D. Jones,* and *T. M. Noble,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: Andrew Curran purchased a tract of land from Bertram & Doom, and, through a mistake, the tract pointed out and sold to him was not conveyed. The sale was made by one D. J. McDermot, as the agent of Bertram & Doom, and when it was discovered that Bertram & Doom did not own and had not conveyed the land which he purchased, he demanded from them the money which he had paid thereon, with the expenses incurred in the transaction. This was refused, and the present action was brought to recover the damages which he had sustained. He asks to recover $250 which he had paid upon the land when the deed was executed, with the interest accrued thereon, also three payments of interest, each of $17.50, which he had made upon a mortgage of $350 that was already upon the land, and which he had assumed to pay, and he asked for interest on those amounts, also $15.05 for taxes which he had paid upon the land after the purchase, together with interest upon that amount, and the further sum of $32.20 for hotel bills and railroad fare expended while attempting to effect a settlement with the defendants. McDermot, the agent, was made a party defendant, but no liability was found against him. The jury found in favor of Curran, and awarded damages against Bertram & Doom in the sum of $405.

It is contended that the testimony did not warrant the verdict that was rendered, and, further, that if any liability existed, the defendants were not bound to pay the hotel bills and railroad fare included in the verdict. The principal controversy in the case was over the alleged agency of McDermot. The contention and testimony of Bertram & Doom was to the effect that they had several tracts of land near to the town in which McDermot lived; that they gave him a list of such lands and the prices at which they were held, and arranged that if he could dispose of the lands they would convey to him, or, if desired, to the persons to whom he had sold the lands; that the deed was made directly to Curran, who paid

the commission to McDermot; that when Curran discovered the mistake, he came to them to have a settlement, when they told him that the list which they had furnished McDermot was correct, but that if it was returned and found to be incorrect and to have upon it the land which McDermot sold to Curran, they would refund his money to him. On the other hand, McDermot testified that he was employed by Bertram & Doom to sell these lands upon commission, and that the land which he sold to Curran was listed to him by the firm as their own land; that in making the sale he was the agent of Bertram & Doom, and that this firm paid him the commission or compensation for making the sale. There was testimony that when the mistake was discovered, and it was brought to the attention of one of the firm, the mistake and liability both were admitted. While there is much testimony in the record supporting the theory and claims of the plaintiffs in error, it is clear that there is sufficient to sustain the finding of the jury, that McDermot was the agent of Bertram & Doom, and that they are liable for the damages resulting from the transaction.

The most serious objection is one made against the rulings of the court in permitting Curran to prove and recover money expended for hotel bills and railway fare. The court hesitated about admitting this testimony, but, for the time being, allowed it to be received, saying that the consideration which it should receive could be afterward determined. It was never withdrawn from the jury, and the allowance of these expenses was fairly authorized by the charge, and they are certainly included in the verdict. Under the circumstances, Curran was only entitled to the disbursements which he had made upon the land and the interest thereon till the rendition of the judgment. It is manifest that the conveyance of land other than that which was sold to Curran was the result of a mistake rather than deceit or fraud. Curran did not obtain possession of the land, nor did he attempt to obtain the paramount title. Under such circumstances, he is only entitled to recover the amount which he had paid upon the land, to-

gether with the interest on such payments. (*Dale v. Shively*, 8 Kas. 276; *McKee v. Bain*, 11 id. 569; *Scantlin v. Allison*, 12 id. 85; *Scoffins v. Grandstaff*, 12 id. 471; *Price v. Allen*, 39 id. 476.)

The testimony shows that a payment of $250 was made on August 9, 1886; that there were three semi-annual payments of interest of 17.50 each, one made in December, 1886, one in June, 1887, and one in December, 1887; then there was a payment of $15.05 made on June 30, 1887, of taxes upon the land. These several sums, together with interest thereon from the times of payment until September 24, 1889, when judgment was rendered, amount to $373.61. The verdict, therefore, appears to be excessive to the extent of $31.39. If this amount is remitted by the defendant in error in the district court, then the judgment, so modified, may be allowed to stand; but if no remittance is made, there must be a reversal and a new trial. The costs will be divided in this court, and the case will be remanded to the district court for further proceedings.

All the Justices concurring.