## L. BOLINGER *et al.* v. L. A. BRAKE.

### No. 100.

1. VENDOR AND VENDEE—*Breach of Warranty.* Where husband and wife convey certain real estate by warranty deed, with full covenants of seizin, and at the time are only seized of an undivided interest in said real estate, the covenants of seizin are broken as soon as the deed is made and delivered. (*Dale v. Shively*, 8 Kan. 276; *McKee v. Bain*, 11 id. 569; *Scantlin v. Allison*, 12 id. 85.)

2. ———— *Measure of Damages—Interest.* Upon the breach of covenants of seizin, the vendee may recover the consideration for the granted premises with interest; but where the grantee enters into possession of the granted premises, and occupies the same, and is not liable for the use of the premises, he is not entitled to interest during the time he so occupies the same.

3. ———— *Damages Pro Tanto—Rule.* For a partial breach of covenants of seizin in a deed of conveyance, damages are assessed *pro tanto*, according to the recognized rule of damages for a total breach, and where the grantor's deed conveys no title to some undivided interest in the estate, the value of the interest not conveyed is measured by the ratable part of the consideration, according to the relation that such interest bears to the several interests in which the estate is divided.

4. ———— *When the Cause of Action Accrues.* Where a deed of conveyance passes no title to the grantee he is not bound to wait for an eviction before he can maintain an action for breach of covenant.

5. ———— *Liability of Grantors.* Where the husband and wife execute a joint deed with full covenants of seizin, both are liable for a breach of the covenants.

MEMORANDUM.—Error from Bourbon district court; S. H. ALLEN, judge.   Action by L. A. Brake against L. Bolinger and others to recover damages for a breach of covenants of warranty.   Judgment for plaintiff.   Defendants bring the case to this court. Affirmed.   The opinion herein, filed July 13, 1896, states the material facts.

*J. D. McCleverty*, for plaintiffs in error.

*John H. Crider*, and *W. P. Dillard*, for defendant in error.

The opinion of the court was delivered by

JOHNSON, P. J.: On the 4th day of September, 1858, certain persons occupying the east half of section 28, township 23, range 23, in Bourbon county, Kansas territory, surveyed and platted said land, and claimed it as a town site, under the provisions of an act of congress passed and approved May 23, 1844, in the name of the town of Eldorado.   Said land was divided into streets, alleys, blocks, squares, and lots, making 650 lots, and the same was then and there preempted by Horatio Knowles, probate judge of Bourbon county.

On the 20th day of February, 1862, a patent was issued by the United States to Horatio Knowles, probate judge of Bourbon county, Kansas, in trust for the several use and benefit of the occupants of the town of Eldorado, according to their respective interests, under the town-site act approved May 23, 1844. In 1861 the legislature of Kansas, by special act, changed the name of the town of Eldorado to Mapleton.   On the 27th day of November, 1860, Horatio Knowles, as probate judge, conveyed said tract of

land to the persons who were the occupants thereof, to wit: Ellis Greenfield, S. O. Hymoe, M. E. Hudson, J. F. Hoofnagle, John M. Hawk, William Baker, Stark Wilson, George Hobson, and Catharine M. Blair. By mesne conveyances from the persons to whom the property was conveyed by the probate judge and their grantees, L. Bolinger became the owner of five-ninths of lots 5, 6, 7, and 8, in block 40, and four-ninths of block 39. On the 18th day of November, 1885, L. Bolinger and Rosa Bolinger, for the consideration of $1,100, by their deed of general warranty, conveyed said lots and block to L. A. Brake, and the said Brake then and there entered into the possession of said property and has remained in the undisturbed possession thereof ever since.

On the 15th day of November, 1890, Brake commenced this action in the district court of Bourbon county against L. Bolinger and Rosa Bolinger to recover damages on account of the breach of warranty in their conveyance. This deed contained full covenants of seizin, as follows:

"And said L. Bolinger and his wife, for themselves, their heirs, executors, or administrators, do hereby covenant, promise, and agree, to and with said party of the second part, that at the delivery of these presents they are lawfully seized in their own right of an absolute and indefeasible estate of inheritance in fee simple of and in all and singular the above-granted and described premises, with the appurtances; that the same are free, clear, discharged and unincumbered of and from all other and former grants, titles, charges, estates, judgments, taxes, assessments and incumbrances of what nature or kind soever, and that they will warrant and defend the same unto said party of the second part, his heirs and assigns, against said parties of the first part, their heirs, and every person or persons whomsoever lawfully claiming or to claim the same."

The breach alleged is that, at the time of the execution and delivery of said deed, L. Bolinger and Rosa Bolinger were not lawfully seized in their own right of an absolute and indefeasible estate of inheritance in fee simple of and in all and singular the lands described in said deed, were not the true, lawful and rightful owners thereof, and had not good right, full power and lawful authority to grant, bargain, sell and convey the same in the manner and form as in said deed covenanted and agreed by them.   The first paragraph of the answer of the defendants denies all the allegations in the petition of plaintiff, but the second paragraph alleges :

" That at the time of making, executing and delivering the warranty deed mentioned and described in plaintiff's petition herein the said plaintiff well knew the defendants' title to the lots and land in said warranty deed mentioned and described, and had full and complete knowledge of the nature, character and extent of defendants' title to said lots, and all defects, if any, connected with or relating to defendants' title at the time of making, signing and delivering said warranty deed, and plaintiff accepted and received said deed from defendants upon a full agreement and understanding between the plaintiff and defendants that said covenant of warranty of title in said warranty deed described in plaintiff's petition should not be binding upon defendants, but should be considered as waived and abandoned by plaintiff, and that plaintiff relinquished and abandoned any and all rights upon his part to enforce said covenant of warranty, by suit or otherwise, he being fully acquainted with defendants' title to said lots and land, and fully satisfied therewith."

Plaintiff's reply was by general denial.   The case was tried before the court and a jury.   The plaintiff below introduced the deeds forming the chain of title to the property, and proved that he had obtained from

the defendants below title to an undivided five-ninths of the four lots in block 40, and an undivided four-ninths of block 39, and rested his case. The defendant below demurred to plaintiff's evidence. The demurrer was overruled, defendants excepted, and, no evidence being offered by defendants, the court instructed the jury, over defendants' exception. The jury returned a verdict of $529.62 for the plaintiff, with 7 per cent. interest, making in all $733.52, but the court subsequently refused to allow the interest, and rendered judgment on the verdict of the jury against the Bolingers for $529.62. Motion for a new trial was overruled, and defendants excepted and bring the case here for review.

It is insisted by plaintiffs in error that the covenants contained in the deed of Bolinger have not in fact been broken in any respect, that the grantee has not been evicted from the premises, that no hostile claim or title had ever been asserted, and that, as he still retains possession of the granted premises, he cannot maintain this action and recover back the *pro tanto* original consideration ; that he cannot retain possession of the land and also compel the return to him of the full *pro tanto* consideration paid for it. Under the undisputed evidence on the trial of this case, it was shown that the grantors were only possessed of the title to five-ninths of four lots in block 40 and four-ninths of block 39, the title to the remaining four-ninths of the four lots in block 40 and five-ninths of block 39 being in other parties at the time of the execution and delivery of the deed.

The majority of American courts has decided that a covenant of seizin is broken, if at all, so soon as made, and thereby an immediate action accrues to him who

has received it.  (*Dale v. Shively*, 8 Kan. 276 ; *Scantlin v. Allison*, 12 id. 85 ; *Guthrie v. Pugsley*, 2 Johns. 126 ; Sedg. Dam. 175.)

What was the correct measure of damages?  The general rule laid down by the courts of this country undoubtedly is, that upon breach of a covenant of seizin the vendee may recover the consideration paid therefor and interest ; but where the grantee enters into the possession of the granted premises and occupies the same, he is not entitled to interest during the time he so occupies the same, where he is not liable for the use of the granted premises.  For a partial breach damages are assessed *pro tanto*, according to the recognized standard of damages for a total breach ; and where the grantor conveys no title to some undivided interest in the estate the value of the interest not conveyed is measured by the ratable part of the consideration, according to the relation that such interest bears to the several interests in which the estate is divided.  Where two separate tracts of land are sold for a gross sum and conveyed by deed with warranty of title, and the title fails as to one of the tracts, in an action for breach of covenant, the measure of damages will be such portion of the consideration paid as the value of the tract lost bears to the value of the whole, and interest on such portion.  But where the title to a certain interest in the whole property conveyed fails, the measure of damages will be the *pro tanto* value of the whole property, measured by the consideration paid therefor, as the interest lost bears to the whole number of interests into which the estate is divided.

In the case of *Dale v. Shively*, supra, BREWER, J., delivering the opinion of the court, says :

"The deed purported to convey the entire interest

in the land. The grantors were in actual possession, and surrendered the same to the grantee. She was never actually disturbed in that possession. Upon the trial, it was admitted that Dale had only an undivided one-third interest in the premises. The remaining two-thirds were purchased by defendant in error after she obtained the deed from plaintiff in error, and before bringing this suit. Upon these facts, the court below held that the covenants were broken, and that the grantee had a right of action thereon. In this we see no error. Notwithstanding some deviations in Ohio, Massachusetts, and New Hampshire, we think it well settled upon authority that the covenant of seizin is broken as soon as made, if the title be bad, and that an action lies thereon at once without waiting for disturbance. Kent says ( 4 Kent, 470 ) : 'The covenants of seizin and of a right to convey, and that the land is' free from incumbrance, are personal covenants, not running with the land or passing to the assignee ; for, if not true, there is a breach of them as soon as the deed is executed, and they become choses in action which are not technically assignable.' "

It is insisted by plaintiff in error, that as Brake had never been evicted from the premises, and had never paid anything to remove an incumbrance therefrom or to perfect his title, but is still in the quiet and peaceable possession of the property, enjoying and collecting the rents and profits, he can recover, at most, only nominal damages, and this upon whatever covenant the action may be considered as having been commenced. We do not think that this position is tenable. The Bolingers conveyed to Brake the entire interest in the land described in their deed, and they only owned five-ninths interest in. the one block and four-ninths interest in the other block. They could pass no title whatever to the remaining interests, and the grantee was not bound to wait for an eviction before he could

maintain his action for a breach of the covenants of seizin, for the covenants of seizin were broken as soon as the deed was executed, and an action might have been brought thereon at once, without waiting for a disturbance of possession. (*Dale v. Shively*, supra; *Scanlin v. Allison*, supra; *Smith v. Davis*, 44 Kan. 362.)

This is unlike a case where the party is seized of an estate of inheritance in fee simple, and conveys the land by deed of general warranty of title, where there is an incumbrance upon the same. In such case the party must either pay off and discharge the incumbrance, or wait until there has been an assertion of rights under the incumbrance and he has suffered some loss by eviction or the payment of a sum of money to release the land from the incumbrance.

It is insisted by plaintiff in error that the court erred in instructing the jury to divide the nominal consideration for the number of lots and to find accordingly, which, of course, meant that they should consider the lots as all being of equal value. We do not think the court erred in this regard. In this case it mattered very little as to what the difference in the value of the lots was, for the reason that the estate which was not conveyed by the deed of Bolinger was an undivided interest in each lot and block attempted to be conveyed, and the failure of title was not as to any particular lot described in the deed, but as to the interest in each one of the several lots. The contention of counsel would be correct if the title to any one of the several lots had failed *in toto*, but there was simply a failure of title to the five-ninths of the four lots in block 40 and four-ninths of block 39. The consideration paid for these lots was in gross, and not so much for each lot, and the breach of warranty is as to each of the several lots in proportion to the consideration paid for the whole.

The final contention of counsel is that the court erred in rendering judgment against L. Bolinger and Rosa Bolinger, for the reason that the property stood in the name of L. Bolinger, who was the husband of Rosa Bolinger, and the only purpose of his wife, Rosa, in joining in the deed to Brake, was to relinquish her interest as wife and not to bind herself upon the covenants. The covenants in the deed were joint, of both L. Bolinger and Rosa Bolinger, to the grantee, and the grantors were both liable on the covenants, and the judgment was properly rendered against both the husband and wife.

The judgment of the district court is affirmed.

All the Judges concurring.