## JENNIE FISHER v. AMOS B. CLARK.

### No. 333.

1. BREACH OF COVENANT *against Incumbrances—Measure of Damages.* The rule for estimating damages arising from a breach of a covenant against incumbrances in a deed conveying real estate, by reason of the existence of a tenancy of the premises, as announced by the supreme court in *Clark v. Fisher*, 54 Kan. 403, 38 Pac. 493, in reviewing the record of the first trial of this case, is held to have been followed by the district court in the second trial herein.

2. ————— *Husband and Wife — Joint Liability.* Where husband and wife execute a joint deed containing a covenant against incumbrances, both are liable for a breach of the covenant. (*Bolinger v. Brake*, 4 Kan. App. 180, 45 Pac. 950.)

Error from Franklin district court; A. W. BENSON, judge. Opinion filed September 22, 1898. Affirmed.

*J. W. Deford*, and *W. A. Deford*, for plaintiff in error.

*C. A. Smart*, for defendant in error.

The opinion of the court was delivered by

MILTON, J. : This action was brought against R. E. Fisher and 'Jennie Fisher, his wife, to recover damages for a breach of a covenant against incumbrances in a deed executed by them and delivered to Amos B. Clark, grantee therein, April 1, 1887, conveying a farm in Johnson county. When the conveyance was made a tenancy existed, and Clark was obliged to pay the tenant $300 to obtain possesion of the land, possession being necessary to enable Clark to sell the land to North & Co. By the terms of the lease, one-third of the wheat then growing on the land was to be threshed and delivered to Fisher by the tenant. The trial court decided in favor of the defendants, on the

theory that Clark succeeded to the rights of Fisher as to the lease and the crop, and became entitled only to the landlord's share of the wheat.

The case was taken to the supreme court by Clark, and was there reversed at the July, 1894, term. The supreme court held that the lease was an incumbrance and that damages equal to the value of the tenant's possession were recoverable by Clark. See *Clark v. Fisher*, 54 Kan. 403, 38 Pac. 493, where a very complete statement of the facts then in evidence is given. The case was remanded for a new trial, or for additional findings of fact. The reason for additional findings was that the supreme court was unable to determine from the findings before it the value of the possession of Fisher's tenant. In concluding its opinion the court said : '' The judgment finally to be rendered of course must follow the views of the court as herein expressed.''

In April, 1895, the case was again tried, and the district court then made findings of fact in addition to those made in the former trial. From these findings, it appears that R. E. Fisher had died intestate while the case was pending in the supreme court ; that Mrs. Fisher, as executrix, had made final settlement of his estate prior to the second trial, and that the action had not been revived in the district court. The finding as to the value of the tenant's possession is as follows :

'' The value of the wheat raised upon said premises by said Dent, referred to in the fifth of said first findings, was sixty cents per bushel, amounting to $510 after harvesting and marketing the same ; the reasonable cost of harvesting and delivering said wheat in market at Olathe was $168.50, leaving the value of the wheat as it stood on the ground at the date of the conveyance, $341.50. One-third of this sum, or $170,

Fisher v. Clark.

was what Mr. Clark could have received in any event; deducting this $170 from said $341.50 leaves $171.50, the value of the tenant's share, and therefore the extent of the actual injury to the plaintiff arising from the existence of the said lease, according to the rule of the supreme court in this case.''

The court rendered judgment against Mrs. Fisher for $171.50 and interest thereon from May 11, 1887.

In the second trial the district court seems to have followed the view of the supreme court in *Clark v. Fisher*, supra. We think the judgment is correct. It is criticized by counsel for plaintiff in error, but such criticisms are equally applicable to the decision of the supreme court when the case was there reviewed. The principal contention of counsel for plaintiff in error is that Mrs. Fisher was not bound by the covenants to Clark. This contention cannot be sustained, in view of the decision of this court in the case of *Bolinger v. Brake*, 4 Kan. App. 180, 45 Pac. 950, wherein the fifth paragraph of the syllabus reads : ''Where the husband and wife execute a joint deed with full covenants of seizin, both are liable for a breach of the covenant.'' This decision of the court of appeals was affirmed by the supreme court in a *per curiam* opinion. (*Bolinger v. Brake*, 58 Kan. 818, 51 Pac. 290.)

The judgment of the district court is affirmed.