ELLSWORTH JEWETT v. L. H. FISHER *et al.*

No. 419. (58 Pac. 1023.)

1. BREACH OF COVENANTS—*Limitation of Action.* The covenants of seizin, and of the right to convey, and that the land is free from encumbrances, are broken as soon as the deed is executed, if the title is bad, and a cause of action accrues at once, and is barred within five years thereafter.

2. ———— *Recovery of Costs and Attorney's Fees.* Costs and attorney's fees can be recovered against the grantor who has conveyed land under covenants of general warranty only when they have been paid by the grantee in a suit to obtain possession which has not been actually given by the grantor, or, if given, when he defends against the suit of the true owner.

Error from Sumner district court; JAMES A. RAY, judge. Opinion filed November 20, 1899. Affirmed.

*Ferguson & Dey*, and *James Lawrence*, for plaintiff in error.

*W. W. Schwinn*, for defendants in error.

The opinion of the court was delivered by

DENNISON, P. J.: This action was commenced in the district court of Sumner county against the de-

fendants in error, L. H. Fisher, Harriet Fisher, S. H. Smith, Lizzie Smith, and F. A. White, to recover for a breach of covenants contained in a deed of general warranty bearing date July 3, 1882, and duly recorded August 9, 1882. The deed contained the usual covenants of warranty.

The plaintiff alleged in his petition the execution and delivery of the deed, and the payment by him of the purchase-money; that one A. D. Thompson, in October, 1879, was the owner of the premises, and gave a mortgage on the same to secure the payment of $712.45; that afterward, and on February 3, 1880, one W. C. Hays, the then owner and holder of said mortgage, commenced a suit in said court to foreclose said mortgage; that the only service was by publication; that a decree of foreclosure was rendered in said action, a sale had and said Hays became the purchaser, and afterward conveyed to the defendants in error; that the said service by publication was void in this, that forty-one days did not elapse between the date of the first publication and the answer-day fixed therein, the first publication day being on February 12, 1880, and the answer-day March 17, 1880—thirty-three days instead of forty-one days; that the said plaintiff did not discover the defect in said service and title until about January 1, 1889; that to perfect and obtain title he was compelled to pay out $300, for which he made demand of the defendants, and was refused, and brought this suit; that by reason of said conveyance said plaintiff was subrogated to the rights of said W. C. Hays in and to said notes and mortgage with full right to foreclose the same, and that afterward, on the 1st day of February, 1889, he began a suit to foreclose said mortgage, which said suit was successfully prosecuted to final judgment; and that said plaintiff

became the purchaser at a sale had thereunder, and he asked for the amount expended.

The defendants demurred to this petition and the trial court sustained the demurrer. The ruling upon the demurrer is the error complained of.

The petition does not allege failure of possession or ouster, or that the possession of plaintiff has been disturbed. The ruling upon the demurrer is correct for two reasons :

*First.* "The covenant of seizin, and of a right to convey, and that the land is free from encumbrances, are personal covenants, not running with the land or passing to the assignee ; for, if not true, there is a breach of them as soon as the deed is executed, and they become choses in action, which are not technically assignable." (4 Kent Comm. 471.)

The deed was executed and delivered prior to the date of its recording, which was August 9, 1882. This action was not commenced until May 17, 1890, more than seven years after the cause of action accrued upon the broken covenants ; therefore this cause of action is barred by the statute of limitations.

*Second.* The petition fails to allege that the costs and expenses were paid in defending the title against the true owner or in prosecuting a suit to obtain the possession which had been covenanted but never actually given.

"The limit to which courts have gone in holding the grantor, after breach of his covenant of seizin, responsible for costs and counsel fees paid by the grantee is this : He may be charged with the costs and counsel fees paid by the grantee in defending the title conveyed against a suit by the true owner, or in prosecuting a suit to obtain the possession which had been covenanted but never actually given. Beyond this, we think, the authorities have not gone, nor ought they to go." (*Dale v. Shively,* 8 Kan. 276.)

The case at bar was not brought to recover the pur-
chase-money and interest or the amount paid for the
paramount title, but to recover costs and attorney's
fees.

The judgment of the district court is affirmed.