THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY v. C. H. PRATT.

No. 12,453. (67 Pac. 464.)

SYLLABUS BY THE COURT.

1. LAND CONTEST—*Decision of Land Department Conclusive.* The final decision of the department officers of the land department of the general government in a contest case involving the right of the parties thereto to a portion of the public domain is final and conclusive in this court and is not open to collateral attack, and may not be reexamined except in a proper direct proceeding instituted against the successful party.

2. CONTRACT FOR SALE OF LAND—*Subsequent Oral Agreement—Waiver of Forfeiture.* When in a contract for the sale of land the time of making deferred payments is made of the essence of the contract, the parties thereto may orally agree that the time of making the deferred payments specified in the contract may be postponed to await the determination of the right of the vendor to receive title to the land which he agrees to convey; and such oral agreement will constitute a waiver of prompt payment as specified in the contract and estop the vendor from urging a for-

Railway Co. v. Pratt.

feiture of the contract for non-payment by the purchaser at the time specified in the contract during the period of such postpone-ment.

3. ———— *Inability of Vendor to Convey—Recovery of Taxes Paid.* When in a contract for the sale of real estate it is expressly stipulated that the purchaser shall make payment of all taxes and assessments levied against the property, and the purchaser does make such payment in accordance with the terms of the contract, the purchaser may recover taxes so paid from the vendor upon establishing the inability of the vendor to perform his contract and make conveyance of the property.

Error from Allen district court; L. STILLWELL, judge.   Opinion filed January 11, 1902.   Affirmed.

*T. N. Sedgwick*, for plaintiff in error.

*J. B. F. Cates*, for defendant in error.

The opinion of the court was delivered by

POLLOCK, J. :   Action brought by C. H. Pratt to recover from the Missouri, Kansas & Texas Railway Company ( herein called "the company" ) payments made upon and money expended under a contract for the purchase of real estate.   The facts are agreed upon, and are briefly these :

The company succeeded to the name and all the rights of the Union Pacific Railway Company, Southern Branch, under an act of congress granting aid to said company in the building of a line of railway through the state from Fort Riley to the city of Fort Smith, in the state of Arkansas.   The north half of the southwest quarter of section 2 in township 26, and the east half of the northwest quarter of section 34 in township 25, all in range 20, were tracts of land selected by the railway company as part of its land grant.   On the 4th day of September, 1884, the company entered into two written contracts of sale of

these tracts of land with one Reed, which contracts provide that upon the prompt payment of certain specified amounts, aggregating $400 for each of said eighty-acre tracts, the company shall convey by warranty deed an absolute title thereto.     Said contracts also provide that time of payment is of the essence of the contract and that the purchaser shall pay all charges, taxes and assessments levied against said lands. Reed duly assigned and transferred all of his interest in these tracts to plaintiff.     A portion of the payments provided for in said contracts was promptly made, and taxes upon the land were paid by the purchaser.     Thereafter, one Trammel and one Troxell, claiming a prior right to these tracts of land by reason of homestead entry thereon, instituted contests in the local land-office against the company. After the institution of such contests, and in the year 1887 or 1888, the land commissioner and the auditor of the company orally agreed with plaintiff that he need not make further payments to the company upon the contracts until the question of the company's right to the land under its grant should be determined and its title thereto perfected.   And, also, that the deferred payments should not bear interest during such time.     The contest cases in the local land-office and before the commissioner of the general land-office were decided adversely to the company, and a motion for review of such adverse decisions was denied by the secretary of the interior. Thereafter, the title of the railway company and its right thereto under the grant made by congress of these lands having failed, plaintiff demanded a return of the money paid the company upon the contracts and money expended in making payment of taxes on said lands.   This claim being denied, this

action was instituted to recover the same and inerest. The trial resulted in a judgment for the plaintiff; the company brings error.

It is earnestly contended by counsel for the company that, in the decisions made in the contest cases by the land department of the government denying the right of the company to these tracts of land selected under its grant, the officers of the land department making such decision misconceived and misapplied the law relating thereto. And as a consequence thereof the decisions made in the contest cases are wrong in law and not binding upon this court. In our opinion this is not an open question here. The decisions made by the proper officers of the land department of the general government in the contest cases are in this action as final and conclusive upon this court as the final judgment of any court of competent jurisdiction. And this because this is not a case in which that question can be raised or determined. After final decision of a contest case by the land department of the general government awarding a portion of the public domain to a contesting party, the legal correctness of such decision can only be reexamined and redetermined in a proper action brought against the successful party for that purpose. Such final decision is not subject to collateral attack, is conclusive upon questions of fact, and the questions of law determined thereby are reviewable only by direct proceeding.

In the cases of *Johnson v. Towsley*, 80 U. S. 83, 20 L. Ed. 487, and *Moore v. Robbins*, 96 U. S. 535, Mr. Justice Miller says:

"When the law has confided to a special tribunal the authority to hear and determine certain matters arising in the course of its duties, the decision of that tribunal, within the scope of its authority, is conclu-

sive upon all others. That the action of the land-office in issuing a patent for any of the public land, subject to sale by preemption or otherwise, is conclusive of the legal title, must be admitted under the principles above stated, and in all courts and in all forms of judicial proceedings where this title must control, either by reason of the limited powers of the court or the essential character of the proceeding, no inquiry can be permitted into the circumstances under which it was obtained.''

In the case of *Aurora Hill Con. Min. Co. v. Mining Co. et al.*, 34 Fed. 515, it is said :

''The decisions of department officers upon questions of law or fact are not subject to collateral attack ; upon questions of fact their decisions are conclusive upon all parties ; upon questions of law their decisions can only be reviewed in a proper case made in a direct proceeding for that purpose.'' (*Marquez v. Frisbie*, 101 U. S. 473, 25 L. Ed. 800 ; *Ard v. Pratt*, 43 Kan. 419, 23 Pac. 646.)

In this case the successful parties in the contest cases are not parties to the record, and cannot be, as they are strangers and not proper parties to a determination of the question involved in this controversy.

Again, it is contended that the oral agreement made between the officers of the company and plaintiff, that further payments should not be made upon the contract until the contest proceedings over the land were determined and the right of the company thereto established, although made within the scope of the authority conferred upon such officers, was an attempt to modify the terms of a written contract in relation to land without consideration therefor, and consequently null and void. With this contention we do not agree. The effect of the oral agreement made was not to change the binding effect of the written contract in relation to the land, but was an express

Railway Co. v. Pratt.

waiver of the right to insist upon a default which might be made by the plaintiff in his not making payments in accordance with the terms of the contract, on account of the right of the company to receive a conveyance of the land and fulfil its part of the contract with plaintiff being drawn into controversy by the contest proceedings. The obligation of the contract remains. The oral agreement made estops the company from claiming a forfeiture of the contracts for non-payment of instalments falling due during a determination of the contest proceedings, for in the event the right of the company to the lands should ultimately be denied, as in this case, further payments thereon only serve to increase the liability of the company to refund to plaintiff. Forfeitures are not favorites of the law. The time of payment specified in a written contract may be waived by the conduct and declarations of the parties thereto. (*Braley v. Langley*, 28 Kan. 804.)

It is further contended that in no event could the plaintiff recover the sums of money voluntarily paid as taxes upon the property. Whatever may be the general rule in this respect, payment of the taxes made in this case was under the express provisions of the contract with the company. Recovery for taxes paid under such circumstances was expressly recognized by this court in *Doom v. Curran*, 52 Kan. 360, 34 Pac. 1118.

The right of the company to receive title from the general government under the act of Congress granting it aid, to these tracts of land which it had obligated itself to convey to plaintiff, having been by the proper legal tribunal determined adversely to the company, its inability to comply with the terms of its contract with plaintiff was established, and its lia-

bility to plaintiff for amounts received from and expended by plaintiff under the terms of the contract follows as a necessary consequence.

Judgment affirmed.

CUNNINGHAM, ELLIS, JJ., concurring.