ZENT v. PICKEN.

1. **Conveyance:** COVENANT OF SEIZIN: BREACH OF. Where a conveyance contains covenant of seizin, but the grantor is not in fact seized·of the property and does not deliver possession to his grantee, the covenant is broken as soon as the conveyance is delivered, and it is not necessary for the grantor to prove an ouster or eviction.

2. ——: ——: CONSTRUCTIVE POSSESSION. The delivery of possession of one tract of land will not by construction include a separate tract two miles from the former, though the conveyance under which the possession is taken includes both tracts.

3. ——: ——: MEASURE OF DAMAGES. Where a note given for the purchase money of a tract of land remained unpaid, it was held that the measure of damages for a breach of the covenant in the deed was ·the amount of the purchase money, and interest at the same rate as that borne by the note.

*Appeal from Mahaska District Court.*

THURSDAY, OCTOBER 7.

THIS action was commenced October 10, 1877, upon a promissory note for $500, dated October 17, 1867, and for the foreclosure of a mortgage executed to secure it. The defendant in his answer and the several amendments thereto, in substance, alleges that the note was given in part consideration for the purchase price of eight acres of land, in connection with another tract; that the consideration of the note sued on, to the extent of $150 thereof, was the conveyance to defendant of said eight acres of land; that the plaintiff in his deed covenanted that he was seized of said land, and in possession of the same as owner in fee simple; that plaintiff was never seized of said land, and had no title, claim, lien or interest therein; that prior to the conveyance to defendant, the land had been sold for taxes and a treasurer's deed executed to Pliny T. Sexton & Son; that Pliny T. Sexton conveyed to his son, and he to David C. Cook, who has now full possession of the land; that the defendant received nothing

for the note, and has been damaged in the sum of four hundred dollars.

On the 21st day of April, 1880, the cause was tried to the court, who found facts and legal conclusions as follows:

"1.   The note in suit was given for real estate, and a part of the real estate, being about eight acres, was sold to defendant by plaintiff, for $150, and the purchase money of said tract of land was included in the said $500 note, or a part thereof.

"2.   At the time said note was given, the plaintiff executed a deed to defendant, conveying the said tract of land for the consideration of $150 to defendant, which $150 was included in the said note.

"3.   That said deed was a special warranty deed, but contained a general covenant of seizin.

"4.   That the plaintiff was not in fact seized of the said eight acre tract at the time of making said deed.

"5.   That plaintiff had formerly owned a tract of land containing said amount, and it was the intention of plaintiff to convey the land correctly to defendant, but by mistake the land was not correctly described.

"6.   That the land that the plaintiff intended to convey did not belong to him at the time of the conveyance, the same having been sold for taxes, and a tax deed therefor duly executed, prior to the said sale, to one Sexton. That said tax deed had taken away the title to the said land from the plaintiff prior to the said sale. That the plaintiff had no title to said land intended to be conveyed, nor had he any to the land actually conveyed.

"7.   The defendant never took possession of the said land nor was he ever evicted therefrom.

"8.   That as a conclusion of law the note was without consideration to the amount of $150, and should in fact have only been given for $350 instead of $500, the true consideration being only $350.

"9.   That the title has wholly failed, and said note is without consideration in the said excess over $350.

"10. That as a conclusion of law an allowance of damages of $150, with six per cent, interest, would not be adequate compensation for the loss of title for the reason that the purchase money in the note was drawing ten per cent interest, and that in law and equity the note ought to be reduced in amount to $350 instead of $500 at the date thereof.

"11. As a conclusion of law I find that the plaintiff is only entitled to recover the amount of the note with ten per cent interest, computing the said note at $350, from the date of the same. The credits being undisputed, it is ordered that the clerk assess the amount due upon the said note upon the basis, taking the original principal as $350 instead of $500, and allowing all credits thereon."

Judgment was accordingly rendered in favor of the plaintiff for $7.94 and costs. The plaintiff appeals.

*William Loughridge* and *Williams & McMillen*, for appellant.

*Crookham & Gleason*, for appellee.

DAY, J—I. The facts found by the court are fully sustained by the evidence. The case may be rendered plainer by a more particular statement of some facts. The eight acre tract in question, intended to be conveyed to defendant, was uninclosed timber land. In 1863 it was sold for the delinquent taxes for the years 1851 to 1862, both inclusive, and on the 22d day of May, 1867, a treasurer's deed therefor was duly executed to Pliny Sexton & Son, nothing appears in the case affecting the validity of the tax deed. On the 17th day of October, 1867, the plaintiff executed to the defendant the deed in which this land was intended to be described, and in which he covenants that he is lawfully seized in fee simple of the premises. It is apparent that, at the time this covenant was made, the plaintiff was not lawfully seized in fee simple of the premises, but that he had in fact no title thereto whatever. The covenant

1. CONVEY: ANCE: covenants of seizin: breach of.

of seizin was, therefore, broken as soon as the conveyance was delivered, and it is not necessary to prove an ouster or eviction. *Brandt v. Foster*, 5 Iowa, 287.

II. The plaintiff, at the time of the execution of the conveyance intended to cover the eight acres in question, executed

2. —: —: to the defendant a conveyance for one hundred

constructive
possession. and sixty acres of prairie land, situated some two miles distant, and placed the defendant in possession thereof.

It is now claimed that the possession of this land carried with it the constructive possession of the eight acres, and that as there has been no actual eviction, the defendant is at the most entitled to but nominal damages.

The actual possession of the part of a tract may carry with it the constructive possession of the whole of the tract. But we know of no rule of law which authorizes the holding that the possession of one tract carries with it the constructive possession of another tract two miles distant. Besides, the answer alleges, and the proof shows, that Cook, the grantee of the holder of the tax title, took possession of the land in 1876, and that he has been in possession ever since. It, therefore, appears not only that the defendant has never been in possession but that he cannot take possession.

III. The tax deed under which Cook claims was executed in 1867. Cook did not take possession of the land until 1876. If we understand the position of appellant upon this branch of the case it is that the right to recover under the tax deed was barred by the statute of limitations before Cook took possession, that defendant might have gone into possession and held the land, and that, having failed to do so, he can recover only nominal damages. But, the land being unoccupied, the tax title carried with it the constructive possession, and after the lapse of five years the tax title became absolute. *Moingona Coal Co. v. Blair*, 51 Iowa, 447.

IV. It is claimed that, at the most, the defendant can rebate the plaintiff's recovery only to the extent of $150, and interest thereon at six per cent. In *Brandt v. Foster, supra*,

Zent v. Picken.

it is held that the measure of damages for breach of cove-
3. ——:——: nant of seizin is the consideration money and
measure of
damages. interest. Where the consideration money has
been paid, the interest recoverable is limited to six per cent,
as no greater interest can be allowed unless stipulated for in
writing. But in this case the consideration money has not
been paid. It is evidenced by a note bearing interest at ten
per cent. There has been an entire failure of consideration
for the note to the extent of $150, and hence, to that extent,
there should be no recovery. The position of appellant is
that, notwithstanding the entire failure of title to the land,
the plaintiff must be allowed $150 with interest at ten per
cent, and the defendant be permitted to rebate therefrom $150
with interest at six per cent. In other words, that the plain-
tiff shall recover interest, at the rate of four per cent, upon
$150 for a period of nearly thirteen years, although there was
in fact no consideration for the promise to pay the $150.
Such a result is so inequitable that we are satisfied that no
rule of law requires it. The true rule is that if no title has
been conveyed, and no benefit has accrued, no recovery can
be had.

V. It is claimed that the defendant does not plead a
counter claim, nor ask damages. The defendant alleges a
failure of consideration, and he pleads the same as a set-
off, and that he has been damaged in the sum of four hundred
dollars. We regard the answer of the defendant as sufficient
to authorize the relief granted by the court. The judgment is

AFFIRMED.