MERCER COUNTY STATE BANK OF MANHAVEN, a Corporation, v. BERT A. HAYES, Effa I. Hayes, and E. M. Serr.

(159 N. W. 74.)

Taxes — lands sold for — to county — deed — quitclaim — tax deed — purchaser — note — mortgage — lack of title — to defeat mortgage — cannot claim — claims by third parties — none ever asserted — purchaser in possession — undisputed — rents — receiving.

1. Where the record shows that land was sold to the county of M. for taxes (though there is no proof of the issuance of a tax deed), and was afterwards quitclaimed by the county to A by an instrument which recited that a tax deed

had been issued to the county therefore, and was occupied by A for five years and improved by him, and later sold by him by warranty deed to C, and then by C conveyed by warranty deed to D, the last purchaser, D, cannot, when sued on a note and mortgage which were given by him as part payment on such purchase, avoid the payment thereof by alleging a lack of title in the original grantor and by proof merely that there is no evidence of the issuance of a tax deed to the county, and if the property was not obtained by the county under tax sale, the title remains in the original owners, who have never asserted any title thereto or made any claim therefor, the said D never at any time having offered to return the property, nor brought any suit to quiet the title thereto, nor attempted to rescind his contract of purchase, but, on the other hand, having remained in the possession of the premises, and being in such possession and collecting the rent thereof at the time of the trial.

**Warranty — breach of — rescission — damages — suit for.**

2. Parties who claim a breach of warranty may do one of two things. They may rescind or they may stand on their contract and sue for damages for the breach. They cannot do both.

**Seisin — implies possession — legal right — estate in lands.**

3. Seisin implies possession. It is possession with a legal right to the estate in the land.

Opinion filed August 8, 1916.

Appeal from the District Court of Mercer County, *S. L. Nuchols*, J.

Action to foreclose a mortgage. Judgment for defendants. Plaintiff appeals.

Reversed.

*H. L. Berry* and *Thorstein Hyland* (*Hyland & Madden* of counsel), for appellant.

Parties claiming a breach of warranty may rescind the contract, or they may stand on it and sue for damages. They cannot do both. Defendants here have elected to stand on their contract, but their defenses are inconsistent with their election. Nichols & S. Co. v. Dallier, 23 N. D. 532, 137 N. W. 570.

A failure of consideration must be a total failure to be a defense. A partial failure can avail only as a set-off, recoupment, or counterclaim. Neither the pleadings nor the evidence in this case warrant a finding of damages. Noble v. Olympia Brewing Co. 64 Wash. 461, 36 L.R.A.(N.S.) 467, 117 Pac. 241; Bowne v. Wolcott, 1 N. D. 420, 48 N. W. 336; Frazer v. Peoria County, 74 Ill. 282; Kincaid v. Brit-

tain, 5 Sneed, 119; Recohs v. Younglove, 8 Baxt. 385; Hartford & S. Ore Co. v. Miller, 41 Conn. 112, 3 Mor. Min. Rep. 353; Kimball v. Bryant, 25 Minn. 496; Cockrell v. Proctor, 65 Mo. 41; 2 Sutherland, Damages, 265; Mayne, Damages, 143; Smith v. Hughes, 50 Wis. 620, 7 N. W. 653; Hencke v. Johnson, 62 Iowa, 555, 17 N. W. 766.

"A purchaser of land who is in undisturbed possession, and has received a conveyance of the same with warranty, cannot have relief in equity against payment of the purchase price, on the ground of a defect in the title." Abbott v. Allen, 2 Johns. Ch. 519, 7 Am. Dec. 554; Bumpus v. Platner, 1 Johns. Ch. 218; Yeates v. Pryor, 11 Ark. 74; Peay v. Wright, 22 Ark. 205; Hunter v. Bradford, 3 Fla. 286; Roberts v. Woolbright, Ga. Dec. pt. 1, p. 100; McGehee v. Jones, 10 Ga. 133; Bowlin v. Pollock, 7 T. B. Mon. 49; Timms v. Shannon, 19 Md. 315, 81 Am. Dec. 632; Vick v. Percy, 7 Smedes & M. 256, 45 Am. Dec. 303; Guice v. Sellers, 43 Miss. 56, 5 Am. Rep. 476; Mitchell v. McMullen, 59 Mo. 252; Edwards v. Bodine, 26 Wend. 114; Re Livingston, 9 Paige, 445; Hill v. Butler, 6 Ohio St. 217; Van Lew v. Parr, 2 Rich. Eq. 337; Holt v. Payne, 3 Tex. 478; Patton v. Taylor, 7 How. 159, 12 L. ed. 649; Walker v. Wilson, 13 Wis. 525.

It has been held that there is a distinction between the covenant of seisin and other covenants; and that by reason of this distinction, damages for a breach of the covenant of seisin might be set up as a counterclaim by the purchaser in an action to foreclose a mortgage given to secure the purchase money.

But, this distinction is repudiated in many jurisdictions. Farbham v. Hotchkiss, 2 Keyes, 15; Jones v. Stanton, 11 Mo. 436; Woodruff v. Bunce, 9 Paige, 443, 38 Am. Dec. 559; Randall v. Bourguardez, 23 Fla. 264, 11 Am. St. Rep. 379, 2 So. 310; Dunn v. Mills, 70 Kan. 656, 79 Pac. 146, 3 Ann. Cas. 363; Harvey v. Morris, 63 Mo. 475; Reeve v. Downs, 22 Kan. 330; McIndoe v. Morman, 26 Wis. 588, 7 Am. Rep. 96; McLeod v. Barnum, 131 Cal. 605, 63 Pac. 924; Sanderlin v. Willis, 94 Ga. 171, 21 S. E. 291.

Where the purchaser does not elect to rescind, it is considered that he is willing to receive such title as the vendor is able to give, and content with the personal responsibility of the vendor upon his covenants, in case title actually fails and he is afterwards dispossessed. Worthington v. Curd, 22 Ark. 277; Garvin v. Cohen, 13 Rich. L. 153; Hel-

venstein v. Higgason, 35 Ala. 259; Wiley v. Howard, 15 Ind. 169; McGehee v. Jones, 10 Ga. 127; Watson v. Kemp, 41 Ga. 586; Smith v. Hudson, 45 Ga. 208; Booth v. Saffold, 46 Ga. 278; Dahl v. Stakke, 12 N. D. 325, 96 N. W. 353; Harvey v. Morris, 63 Mo. 477; Rhorer v. Bila, 83 Cal. 51, 23 Pac. 274; Florence Oil & Ref. Co. v. McCandless, 26 Colo. 534, 58 Pac. 1084; Pershing v. Canfield, 70 Mo. 140.

In the absence of fraud, a purchaser under a warranty deed is not entitled to restoration of the purchase money until after eviction. Brown v. Smith, 5 How. (Miss.) 387; Hunter v. Bradford, 3 Fla. 269; Roberts v. Woolbright, Ga. Dec. pt. 1, p. 98; Timms v. Shannon, 19 Md. 296, 81 Am. Dec. 632; Vick v. Percy, 7 Smedes & M. 256, 45 Am. Dec. 303; Anderson v. Lincoln, 5 How. (Miss.) 279; Waddell v. Beach, 9 N. J. Eq. 793; Seidman v. Geib, 16 Daly, 434, 19 N. Y. Civ. Proc. Rep. 359, 11 N. Y. Supp. 705; Champlin v. Laytin, 6 Paige, 189; Chesterman v. Gardner, 5 Johns. Ch. 29, 9 Am. Dec. 265; Failing v. Osborne, 3 Or. 498; Briggs v. Gillam, Rich. Eq. Cas. 432.

In all cases where a party has entered into possession of land under color of title, and in good faith has made permanent improvements, he may recover the reasonable value thereof as against another party recovering the property under a paramount title. McKenzie v. Gussner, 22 N. D. 445, 37 L.R.A.(N.S.) 918, 134 N. W. 33; Jackson v. Loomis, 15 Am. Dec. 347, and note, 4 Cow. 168; Waterman Hall v. Waterman, 220 Ill. 569, 4 L.R.A.(N.S.) 776, 77 N. E. 142; Webb v. Wheeler, 80 Neb. 438, 17 L.R.A.(N.S.) 1178, 114 N. W. 636.

*John F. Sullivan,* for respondents.

Specifications of error not presented and argued in the brief are waived. Foster County Implement Co. v. Smith, 17 N. D. 178, 115 N. W. 663.

The property here involved is not so valuable to defendants as it would have been had the title been perfect, and by reason of the defects, they are entitled to damages. To this end they are entitled to resist. payment of that part of the purchase price represented by the note in question. Williams v. Neely, 69 L.R.A. 232, 67 C. C. A. 171, 134 Fed. 1; Zent v. Picken, 54 Iowa, 535, 6 N. W. 750.

"In the United States a large majority of the courts hold that the covenant of seisin, if broken at all, is broken as soon as made, and consequently cannot run with the land nor pass to an assignee." 11 Cyc.

1085, and note 93, 1086, 1088, 1106, 1110, 1144; Pringle v. Witten, 1 Bay, 256, 1 Am. Dec. 612; Bell v. Huggins, 1 Bay, 326; Sumter v. Welsh, 2 Bay, 558; Moore v. Lanhan, 3 Hill, L. 304; Fitzhugh v. Croghan, 2 J. J. Marsh. 429, 19 Am. Dec. 139; Richardson v. Dorr, 5 Vt. 9; Egan v. Martin, 71 Mo. App. 60; Coleman v. Clark, 80 Mo. App. 339; Kinzie v. Riley, 100 Va. 709, 42 S. E. 872.

The measure of damages on a breach of the covenant of seisin is as a general rule the purchase money with interest. Overhiser v. McCollister, 10 Ind. 41; Campbell v. Spears, 120 Iowa, 670, 94 N. W. 1126; Dahl v. Stakke, 12 N. D. 325, 96 N. W. 353.

"The real consideration for the notes in this case was the title to the land free from encumbrances." 8 Am. & Eng. Enc. Law, 208.

A covenant against encumbrances is broken at once when made, if encumbrances exist. Williams v. Neely, supra; Conwell v. Clifford, 45 Ind. 392.

Failure of consideration, or want of consideration, is always a good defense. Scudder v. Andrews, 2 McLean, 464, Fed. Cas. No. 12,564; Frisbie v. Hoffnagle, 11 Johns. 50; Redding v. Lamb, 81 Mich. 318, 45 N. W. 997.

Where a part of the land so with warranty is held adversely, and this was known to plaintiff, he cannot recover the purchase price. Ballard v. Burrows, 51 Iowa, 81, 50 N. W. 74; Sparrow v. Smith, 63 Mich. 209, 29 N. W. 691.

Where grantors make express covenant of warranty, they cannot set up knowledge of vice in their title to exonerate themselves from the obligation of their contract. New Orleans v. Gaines (New Orleans v. Whitney), 138 U. S. 595, 34 L. ed. 1102, 11 Sup. Ct. Rep. 428; Real v. Hollister, 20 Neb. 112, 29 N. W. 189; Bowne v. Wolcott, 1 N. D. 415, 48 N. W. 336; Carroll v. Safford, 3 How. 441, 11 L. ed. 671; Le Roy v. Beard, 8 How. 451, 12 L. ed. 1151; Pollard v. Dwight, 4 Cranch, 421, 2 L. ed. 666; Zent v. Picken, 54 Iowa, 535, 6 N. W. 750.

A covenant against encumbrances is a personal obligation, and does not run with the land, and is broken at the time the conveyance is made. Campbell v. McClure, 45 Neb. 608, 63 N. W. 920; Kane v. Mink, 64 Iowa, 84, 19 N. W. 852; Sherwood v. Landon, 57 Mich. 219, 23 N. W. 778; Allen v. Allen, 48 Minn. 462, 51 N. W. 473; Lowry v. Tilleny, 31 Minn. 500, 18 N. W. 452; Davidson v. Cox, 10 Neb. 150, 4

N. W. 1035; Duvall v. Craig, 2 Wheat. 45, 4 L. ed. 180; Mitchell v. Kepler, 75 Iowa, 207, 39 N. W. 241; Koepke v. Winterfield, 116 Wis. 44, 92 N. W. 437; Batterton v. Smith, 3 Kan. App. 419, 43 Pac. 275; West Coast Mfg. & Invest. Co. v. West Coast Improv. Co. 25 Wash. 627, 62 L.R.A. 763, 66 Pac. 97; Bolinger v. Brake, 4 Kan. App. 180, 45 Pac. 950.

·Where a grantor in a deed with covenant of seisin has neither title to nor possession of the land described, the grantee may immediately on discovering such fact sue for the price paid. Rombough v. Koons, 6 Wash. 558, 34 Pac. 135; Potwin v. Blasher, 9 Wash. 460, 37 Pac. 710; Bryant v. Mosher, 96 Neb. 555, 148 N. W. 329; Gale v. Frazier, 4 Dak. 196, 30 N. W. 138.

Covenants which do not run with the land are covenants of seisin, of the right to convey, and covenants against encumbrances. McCulloch v. Bauer, 24 N. D. 109, 39 N. W. 318; McVeety v. Harvey Mercantile Co. 24 N. D. 245, 139 N. W. 586, Ann. Cas. 1915B, 1028.

"The action being one for breach of the covenant of seisin, to sustain it, there was no necessity for proving an eviction." Seyfried v. Knoblauch, 44 Colo. 86, 96 Pac. 993; Webb v. Wheeler, 80 Neb. 438, 17 L.R.A.(N.S.) 1178, 114 N. W. 636; Beck v. Staats, 80 Neb. 482, 16 L.R.A.(N.S.) 768, 114 N. W. 633; Sherwood v. Landon, 57 Mich. 219, 23 N. W. 778; Matteson v. Vaughn, 38 Mich. 373; Pierce v. Johnson, 4 Vt. 247; Westrope v. Chambers, 51 Tex. 178; Mitchell v. Kepler, 75 Iowa, 207, 39 N. W. 241; Hayden v. Patterson, 39 Colo. 15, 88 Pac. 437.

Defendant in such a case does not have to wait until eviction before asserting his rights. When sued for the purchase price, or when foreclosure proceedings are begun, he may set up any of these breaches by way of defense, and may claim and prove damages by reason of their existence, and may resist payment of the purchase money until that which he purchased—a perfect title—is made and delivered to him. The cases holding that only nominal damages can be recouped are in jurisdictions where it is held that such covenants run with the land, and are not applicable in this jurisdiction, where it is declared that they do not run with the land,—that they are personal covenants or obligations. Boon v. McHenry, 55 Iowa, 202, 7 N. W. 503; 11 Cyc. 1086, note 94; Hacker v. Blake, 17 Ind. 97.

The burden was upon Serr to show his title, and not upon the defendants to show the want of it. Beckman v. Henn, 17 Wis. 412; Mecklem v. Blake, 16 Wis. 103, 82 Am. Dec. 707; Koepke v. Winterfield, 116 Wis. 44, 92 N. W. 437.

"The purchasers in a suit upon the notes had the right, as a defense thereto, to plead a failure of consideration, without an eviction from the premises. Upon the plaintiff's title must ultimately rest the right to recover on these notes." Brady v. Bank of Commerce, 41 Okla. 473, 138 Pac. 1020, Ann. Cas. 1915B, 1019; Faller v. Davis, 30 Okla. 56, 118 Pac. 382, Ann. Cas. 1913B, 1181; Joiner v. Ardmore Loan & T. Co. 33 Okla. 266, 124 Pac. 1073.

The defendants contracted to buy a marketable title. For such title only they agreed to pay. They have not received it. The grantors undertook to sell and convey such title. They have not done so. McCulloch v. Bauer, supra; Crow v. Taylor, 23 N. D. 469, 137 N. W. 451.

BRUCE, J. This is an action to foreclose a mortgage which was given to secure part of the purchase price of several city lots. The defense is that the grantor, who was the vice president of the plaintiff bank, was not the owner of said lots or any part thereof, and that the plaintiff bank had full knowledge of this fact at the time that the mortgage was taken. The answer, however, does not ask for a rescission of the contract of purchase, nor does it offer to restore the property, nor does it contain any allegation of any ejection, actual or threatened, nor of an assertion of any paramount title, nor was there any proof upon the trial of any of these facts.

All that the proof showed or tended to show was that some time in the eighties, the lots were sold to the county of Mercer for taxes; that in 1906 all of the books and records of the register of deeds of Mercer county were destroyed by fire, and if any tax deed was issued to the county, there is no record thereof; that later, and on the 28th day of April, 1909, the county of Mercer quitclaimed the premises to B. G. Letzring and Adelia Letzring, his wife, and that said deeds contained the following statements of a resolution passed by the board of county commissioners: "Whereas the records in the auditor's office show that certain lots in the village of Stanton were deeded to Mercer county by

tax deed in the years 1888 and 1889, therefore be it resolved that Mercer county by its officers issue a quitclaim deed to anyone who so desires to purchase said lots, etc." That the said Letzrings lived on the said lots for about five years and built thereon a livery barn and garage and a small residence; that later, and on the 24th day of June, 1913, the said Letzrings conveyed lots 16 and 17 by warranty deed, and the south half of lot 18 by special warranty deed to the Mercer County Abstract Company; that later, and on the 9th day of August, 1913, the Mercer County Abstract Company conveyed the premises by warranty deed to E. M. Serr; that later, and on the 9th day of August, 1913, the said E. M. Serr and wife conveyed the premises by warranty deed to Bert A. Hayes and Effa I. Hayes, his wife, and that, as a part payment of the purchase price, the said Bert A. Hayes and Effa I. Hayes, his wife, executed and delivered to the Mercer County State Bank of Manhaven, of which the said E. M. Serr was vice president, a note and mortgage for $1,400, and which said note and mortgage are now sought to be foreclosed.

Not only is there no offer in the answer to return the premises, nor any allegation or proof of the assertion by anyone of any adverse title, and not only is there no proof of any attempt to rescind the contract, but there is proof that the defendants Bert A. and Effa I. Hayes remained in the possession of the premises either by themselves or by their tenants up to the time of the trial, and at the time of the trial were collecting the rents therefrom, and stated that they intended so to do, and the only complaint is that if no tax deed was issued and the county of Mercer obtained no title through the tax sale, the record title would be in the names of some third parties, the original owners and defaulting taxpayers, the McGraths.

There was also on the trial some attempt to prove that the sale to the Hayeses was fraudulently made, and that they expected to receive the whole of lot 18, rather than a half thereof. The proof, however, does not sustain this claim or allegation.

The question then before us is this: Can a purchaser of land which the record shows was sold to the county for taxes, though there is no proof of the issuance of a tax deed, and which has afterwards been conveyed by the county to another by a quitclaim deed which recites that a tax deed had been issued to the county therefor, and which is occupied by such other for five years and improved by him by the

erection of buildings, and later conveyed by him by warranty deed to still another person, and then by such other person conveyed by warranty deed to him (the purchaser), when sued on a note and mortgage which were given by him as part of such purchase price, avoid the payment thereof by alleging a lack of title in the original grantor and by proof merely that there is no evidence of the issuance of a tax deed to the county, and if the property was not obtained by the county under such tax sales, the title remains in the original owners, who have never asserted any title thereto or made any claim therefore, the said purchaser never at any time having offered to return the property, brought any suit to quiet the title thereto or attempted to rescind his contract of purchase, but on the other hand having remained in the possession of the premises and being in the possession and collecting the rents thereof at the time of the trial?

We are satisfied that the defendants can avail themselves of no such defense: "It is true," said this court in the case of Dahl v. Stakke, 12 N. D. 325, 96 N. W. 353, "that a total failure of title in many cases is not ground for resisting payment of the purchase price if the purchaser remains in possession of the premises, and is not threatened with dispossession, and does nothing towards protecting himself against such adverse title, and is not in any way disturbed or damaged by such outstanding title, it not being hostilely asserted against him. The grounds upon which such cases turn are that such possession may ripen into a good title by the lapse of time, and that the law will not countenance a purchaser in accepting and holding possession and title which are not attacked and to perfect which the purchaser has done nothing, and at the same time refuse to pay for the land."

"We recognize," says the supreme court of Georgia in the case of Sanderlin v. Willis, 94 Ga. 171, 21 S. E. 291, "that the purchaser of land who enters into possession under a warranty deed or a bond for titles cannot, before eviction, defeat an action for the purchase money, unless there has been fraud on the part of the vendor, or the latter is insolvent, or there is some other ground which would in equity entitle the purchaser to relief."

These quotations express the law as announced by the overwhelming weight of authority. See also Bowne v. Wolcott, 1 N. D. 415, 48 N. W. 336; Abbott v. Allen, 2 Johns. Ch. 519, 7 Am. Dec. 554; Dunn

34 N. D.—39.

v. Mills, 70 Kan. 656, 79 Pac. 146, 502, 3 Ann. Cas. 363; Harvey v. Morris, 63 Mo. 475; Reeve v. Downs, 22 Kan. 330; WcIndoe v. Morman, 26 Wis. 588, 7 Am. Rep. 96; McLeod v. Barnum, 131 Cal. 605, 63 Pac. 924; Sonderlin v. Willis, supra; Rhorer v. Bila, 83 Cal. 51, 23 Pac. 274.

Parties who claim breach of warranty may do one of two things. They may rescind or they may stand on their contract and sue for damages for the breach. They cannot do both.

. Not only is this the case, but the defendants are entirely lacking in their proof. The note and mortgage import a consideration, and the burden of proof is upon them to show that none was forthcoming. There is no proof that the original owners of the property have been heard from since the time of the tax sale. The quitclaim deed from the county recited that a deed had been given. Purchasers under this quitclaim deed are allowed to remain in possession for five years and erect valuable buildings, and these purchasers are allowed to deed to still other purchasers, and these other purchasers to still others, who are allowed to remain in possession for nearly two years, and who as far as we know are still in possession, and collecting the rents and profits from the premises, and this without the original owners asserting any interest or title whatever. We are not, in short, satisfied that the defendants have proved that there is any outstanding title in the premises which can be asserted in a court of equity, and which any court of equity would deem paramount to their own.

We are not unmindful of the cases which are cited by counsel for the respondents. In the case of Redding v. Lamb, 81 Mich. 318, 45 N. W. 997, the defendants had purchased in an outstanding title, and when sued for the purchase price sought to offset what they had paid. This of course may be done. In the case at bar, however, though there may be a paper blemish to the title, no third party has asserted any claim; no third party has been paid anything for any claim; the third parties are not parties to the action before us, and we have no proof of any breach of the covenants of either seisin, possession, or warranty. The judgment in the case of Dahl v. Stakke, 12 N. D. 325, 96 N. W. 353, was rendered merely on account of the fact that the blemishes were encumbrances, and that the purchasers had the right to offset the value of these encumbrances against the purchase price. A clear distinction,

however, was made between a breach of a covenant against encumbrances and a total failure of title, or a failure of title which was imagined rather than proved. In the case of Bowne v. Wolcott, 1 N. D. 415, 48 N. W. 336, the defective title was not asserted as a defense in an action for the purchase price, but was itself made the ground of an action against the grantor for a breach of his covenants. Even in that case it was held that though the covenants of seisin had practically been broken, as the defendant has conveyed a government homestead upon which at the time of the issuance of the deed no patent had been issued, yet the plaintiff could only recover nominal damage as he had not been disturbed in his possession. This case indeed is an authority for rather than against the plaintiff and appellant in the action which is before us. All that the case of Real v. Hollister, 20 Neb. 112, 29 N. W. 189, held was that a covenant of seisin is broken, if at all, when made, and is not one of the covenants which run with the land. We have in the case at bar, however, as before stated, no proof that that covenant was ever broken. The case of Ballard v. Burrows, 51 Iowa, 81, 50 N. W. 74, was one which was based on the breach of the covenants in the deed. It was not one to resist the payment of the purchase price, neither was it one for the breach of the covenants of seisin. In it also the proofs conclusively showed that 20 acres of the land were *in the adverse possession of a third person,* and had been so for more than ten years. The case of Campbell v. Spears, 120 Iowa, 670, 94 N. W. 1126, was merely an action to set aside an exchange of land. The case of Le Roy v. Beard, 8 How. 451, 12 L. ed. 1151, was merely an action to recover for money paid by the purchaser in order to protect his title. There is nothing in the case which is before us to show that the defendants ever paid, or ever will have to pay, anything to protect theirs. The case of Pollard v. Dwight, 4 Cranch, 421, 2 L. ed. 666, it is true, stated that a covenant of seisin could be broken without an actual eviction, but this statement or holding was based upon the supposition that there was actual proof of a failure of seisin. The action too was one for damages for breach of covenant.

The case of Zent v. Picken, 54 Iowa, 535, 6 N. W. 750, is similar to that at bar, in that a breach of the covenants of seisin and possession was interposed as a defense in an action to foreclose a mortgage. In that case, however, not merely the title, but the possession, was at the

time of the grant clearly in another than the grantor. Seisin implies possession. It is possession with a legal right to the estate in the land. 5 Mod. Am. Law, 38. The case of Campbell v. McClure, 45 Neb. 608, 63 N. W. 920, merely involves an action to recover under the covenants of a warranty for taxes paid by the grantee, and which were a lien upon the land at the time of his purchase. The case of Kane v. Mink, 64 Iowa, 84, 19 N. W. 852, was an action for damages occasioned by the breach of a covenant, and where the evidence showed that the land had been sold under a prior judgment, and that though there was no actual eviction, the plaintiff at such execution sale had demanded that the plaintiff should account to him for the rent and use of the property. The case of Sherwood v. Landon, 57 Mich. 219, 23 N. W. 778, merely held that when land the paramount title to which it in another, is conveyed with covenants of seisin, the covenant is at once broken, and an action for damages for the breach thereof will be barred after six years from the date of the conveyance. The theory of the case was merely that the covenants of seisin do not run with the land, and that "if a party does not choose to investigate his title or enforce his possession within the period of limitation, he must take the consequences of his neglect." In the case at bar the defendants at no time sought to rescind the contract of purchase or to fortify their title.

The case of Allen v. Allen, 48 Minn. 462, 51 N. W. 473, holds, among other things, that a covenant of seisin is broken if the covenantor has not the possession, the right of possession, and the complete legal title, and that when the covenant is broken, an immediate cause of action arises. It does not hold, however, that a party in the possession, and who elects to retain the possession, may refuse to pay the purchase price. The case of Batterton v. Smith, 3 Kan. App. 419, 43 Pac. 275, was merely one in which, in an action for the purchase price, the defendant was allowed to recoup his expenses in perfecting his title. In the case of Bolinger v. Brake, 4 Kan. App. 180, 45 Pac. 950, there was no possession in the grantors at the time of the conveyance.

We have analyzed enough of the cases to show their general holding. The criticisms offered on those analyzed is applicable to practically all, if not all, those cited by the respondents. We have in short no criticism of the doctrine, that covenants of seisin do not run with the land, and if the grantor has no seisin at the time of the conveyance,

a cause of action for a breach thereof immediately arises.  Comp. Laws 1913, §§ 5785–5792.  Nor have we any fault to find with the doctrine that one may offset against the purchase price anything which he may have paid or any losses which may have occurred to him through endeavoring to protect his possession and title.  We have yet to find a case, however, where a person has been allowed to both retain possession of the property and to avoid the payment of the purchase price without some proof of the monetary loss, or of an interference with his possession and title.

The judgment of the District Court is reversed and the cause remanded with directions to enter judgment according to the prayer of the complaint.

The respondents will pay the costs and disbursements of the appeal.